UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STANLEY ARON CAVIENSS,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICE OF THE PARDON ATTORNEY,<br><br>  Defendant. | CIVIL ACTION NO.<br>1:21-CV-02529-JPB |

## ORDER

This matter is before the Court on Stanley Aron Cavienss's ("Plaintiff") Motion for Reconsideration [Doc. 10]. This Court finds as follows:

## PROCEDURAL HISTORY

Plaintiff filed an application to proceed *in forma pauperis* before this Court on June 22, 2021. [Doc. 1]. The Magistrate Judge granted Plaintiff's application, [Doc. 2], and he filed his Complaint on June 23, 2021, [Doc. 3]. The Court determined that Plaintiff's Complaint failed to comply with Federal Rules of Civil Procedure 8 and 10, and directed him to file an amended pleading. [Doc. 6]. Plaintiff filed an Amended Complaint, [Doc. 7], which the Court then dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief

may be granted, [Doc. 8].  On March 8, 2022, the Clerk entered judgment dismissing the action without prejudice.  [Doc. 9].

Plaintiff filed the instant Motion for Reconsideration on August 14, 2025, almost two-and-a-half years after the Court dismissed his Amended Complaint.  [Doc. 10].  In his Motion, Plaintiff contends that the Court should grant him relief from the dismissal order pursuant to Federal Rule of Civil Procedure 60(b).  Id. at 1.  Specifically, Plaintiff asserts that he is entitled to relief on the grounds of: (1) mistake or newly discovered evidence (Rule 60(b)(1)); (2) fraud (Rule 60(b)(3)); and (3) extraordinary circumstances (Rule 60(b)(6)).  Id.  Plaintiff also claims entitlement to relief under Rule 60(d)(1)–(3).  Id.

## ANALYSIS

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."  LR 7.2(E), NDGa.  Reconsideration is limited to the following situations:  (1) "an intervening change in controlling law;" (2) "the availability of new evidence;" or (3) "the need to correct clear error or prevent manifest injustice."  Pepper v. Covington Specialty Ins. Co., No. 16-CV-693, 2017 WL 3499871, at *1 (N.D. Ga. Aug. 3, 2017) (citation modified).  A party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have

been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Id. (quoting Brogdon v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).

As an initial matter, the Court notes that, to the extent Plaintiff's Motion is based on Rule 60(b), the Motion is untimely. Rule 60(c) requires that a motion made pursuant to Rule 60(b)(1), (2) or (3) must be filed "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). The Clerk entered judgment on March 8, 2022, and Plaintiff filed his Motion on August 14, 2025. [Doc. 9]; [Doc. 10]. Thus, to the extent Plaintiff's Motion is based on these grounds, it is untimely. Additionally, any motion made pursuant to Rule 60(b), including a motion based on Rule 60(b)(6), must be made within a "reasonable time." Fed. R. Civ. P. 60(c). "What constitutes reasonable time necessarily depends on the facts in each individual case." Hutchinson v. Sec'y, Fla. Dep't of Corr., No. 25-11271, 2025 WL 1232328, at *2 (11th Cir. Apr. 23, 2025) (citation omitted).

Here, the Court finds that Plaintiff's Motion for Reconsideration—made almost two-and-a-half years after the entry of judgement—was not made within a reasonable time. Plaintiff has not set forth any arguments as to why his Motion is timely, and the Court further finds that the facts of this case do not support a finding of timeliness. Thus, Plaintiff's Motion for Reconsideration is also

untimely to the extent that it is based on Rule 60(b)(6). See Merilien v. Warden, No. 23-12501, 2024 WL 4442007, at *1 (11th Cir. Oct. 8, 2024) (affirming a district court's denial of a petitioner's Rule 60(b) motion as untimely where the petitioner filed the motion more than two years after the district court denied his previous motion for reconsideration and seven years after the district court entered final judgment as to his 28 U.S.C. § 2254 petition); Wright v. United States, No. 16-CR-422, 2025 U.S. Dist. LEXIS 124487, at *6 n.2 (M.D. Fla. July 1, 2025) (finding that a Rule 60(b)(6) motion was untimely where the petitioner waited two years after the district court denied his 28 U.S.C. § 2255 petition and more than one year after the appellate court dismissed his appeal); Bryant v. United States, 776 F. App'x 592, 594 (11th Cir. 2019) (finding a petitioner's Rule 60(b)(4) motion was untimely because the petitioner "did not present any arguments that his motion was filed within a reasonable time").

Apart from its untimeliness, Plaintiff's Motion also does not set forth any valid grounds for reconsideration. With regard to his Rule 60(b)(6) argument, Plaintiff contends that the "scale, duration, and gravity of violations warrant reopening the case to serve salus populi suprema lex (the welfare of the people is the supreme law)." [Doc. 10, p. 3]. However, Plaintiff makes only general allegations concerning improper use of the pardon power based on sweeping

4

historical characterizations and conjecture about dissemination of certain records to employers.  Id. at 4–6.  These allegations are not sufficient to show the kind of "extraordinary circumstances" required for a successful Rule 60(b)(6) motion.  See Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014) ("Consequently, relief under Rule 60(b)(6) requires showing extraordinary circumstances justifying the reopening of a final judgment." (citation modified)).  Ultimately, Plaintiff has not shown an intervening change in controlling law, the availability of new evidence or the need to correct clear error or prevent manifest injustice.  Reconsideration is thus not appropriate in this case.[1]

---

[1] The Court also finds Plaintiff's reference to Federal Rule of Civil Procedure 60(d) unpersuasive.  Rule 60(d)(1) "provides that the court maintains the 'power . . . to entertain an independent action to relieve a party from a judgment, order, or proceeding.'"  In re Keitel, 852 F. App'x 463, 467 (11th Cir. 2021).  Relief under this rule is only available to "prevent a grave miscarriage of justice."  Id. (quoting Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1359 (11th Cir. 2014)).  The Court does not find that Plaintiff has plausibly alleged that a "grave miscarriage of justice" will result absent the Court reopening his case.  To the extent Plaintiff argues for relief under Rule 60(d)(2), this provision is inapplicable.  Rule 60(d)(2) serves to "grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action."  Finally, Plaintiff's argument for relief under Rule 60(d)(3) also fails.  "Rule 60(d)(3) permits a litigant to obtain relief from a final judgment or order if the movant can show 'fraud on the court.'"  Gupta v. U.S. Att'y Gen., 556 F. App'x 838, 840 (11th Cir. 2014) (quoting Fed. R. Civ. P. 60(d)(3)).  "It has long been the law of this Circuit that fraud on the Court must be established by clear and convincing evidence."  Gupta, 556 F. App'x at 840.  The Eleventh Circuit Court of Appeals has interpreted "fraud on the court" to refer to situations such as bribery of a judge or members of a jury, or the fabrication of evidence involving an attorney.  Id.  Plaintiff does not allege, much less present clear and convincing evidence, that such fraud has occurred here.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Reconsideration [Doc. 10] is **DENIED**.[2]

**SO ORDERED** this 4th day of September, 2025.

J. P. BOULEE
United States District Judge

---

[2] Plaintiff also filed a separate Motion for Reconsideration, [Doc. 11], which mirrors the Motion discussed herein. Thus, that Motion is also **DENIED**. Further, Plaintiff's application to proceed *in forma pauperis* [Doc. 12] is **DENIED** as moot.